Nicholas A. Carlin (SBN 112532)
Conor H. Kennedy (SBN 281793)
Phillips, Erlewine, Given & Carlin LLP
39 Mesa Street, Suite 201
The Presidio
San Francisco, CA   94129
Tel:       415-398-0900
Fax:      415-398-0911
Email:    nac@phillaw.com
              chk@phillaw.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JONATHAN D. RUBIN, individually and on behalf of all those similarly situated,<br><br>                    Plaintiffs,<br><br>              v.<br><br>THE HONEST COMPANY, INC,<br><br>                    Defendant. | Case No:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      Honest isn't.  From at least September 20, 2012 through the present (the "Class Period"), The Honest Company, Inc. ("Defendant" or "Honest") deceptively and misleadingly labeled and marketed its products, including the following five Honest products: Honest Hand Soap, Honest Dish Soap, Honest Diapers, Honest Multi-Surface Cleaner and Honest Sunscreen (collectively the "Products") as both natural and effective, when in fact, Honest Hand Soap, Honest Dish Soap, Honest Diapers, and Honest Multi-Surface Cleaner contain unnatural ingredients, and Honest Sunscreen is ineffective.

2.      Throughout the Class Period, Honest has systematically labeled its Products as "natural" such that any U.S. consumer purchasing the Products is exposed to Honest's misrepresentations.

3.      Honest also labels and markets the Products as "natural" on its website, on third party marketplace websites, and in print and television advertisements.

4.      Honest deceives and misleads consumers by labeling and marketing its Products as "natural" where many of the Products, including Honest Hand Soap, Honest Dish Soap, Honest Diapers, and Honest Multi-Surface Cleaner, are made with unnatural ingredients.

5.      Honest makes literally false claims by labeling and marketing Honest Sunscreen as "effective" where Honest Sunscreen is ineffective.

6.      Honest's conduct harms consumers by inducing them to purchase and consume the Products on the false premise that they are natural and effective, when in fact four of the five Products contain ingredients that are not natural, and one of the five Products is ineffective.

7.      Plaintiff Jonathan D. Rubin brings this lawsuit against Honest individually and on behalf of a nationwide class including all other similarly situated purchasers of the Products.

8.      Based on Honest's representations that the Products were natural, Plaintiff and the Class paid a premium for the Products over comparable products that did not purport to be natural.  Instead of receiving products that were natural, Plaintiff and the Class received the Products, which, contrary to Honest's representations, contained synthetic ingredients.

9.      Plaintiff and the Class paid for Honest Sunscreen based on the belief that it was effective.  Instead of receiving effective sunscreen, Plaintiff and the Class received Honest Sunscreen, which, contrary to Honest's representations, was ineffective in preventing unhealthy exposure to harmful UV rays.

**JURISDICTION AND VENUE**

10.     The Court has subject matter jurisdiction over the individual and class claims asserted herein pursuant to 28 U.S.C. § 1332, as amended in 2005 by the Class Action Fairness Act, as: (A) the amount in controversy in this class action exceeds $5,000,000, exclusive of interests and costs; and (B) a substantial number of the members of the proposed class are citizens of a state different from that of Defendant.  In addition, Plaintiff Jonathan D. Rubin is a citizen of a state different from that of Defendant, a Delaware Corporation.

11.     The Court has personal jurisdiction over Defendant.  Honest maintains headquarters in Santa Monica, California and conducts business throughout the State of California.

**CLASS ACTION COMPLAINT**

12.     Venue is proper pursuant to 28 U.S.C. § 1391(a) & (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

13.     Plaintiff Jonathan D. Rubin is a resident of Los Angeles, California and an individual consumer.  During the Class Period, Mr. Rubin purchased and used Honest brand hand soap ("Honest Hand Soap") and Honest brand dish soap ("Honest Dish Soap"), from the supermarket chain Gelson's Markets in Los Angeles, California.  As with all members of the Class, Mr. Rubin paid a premium for the Honest Products based upon the representation that the Products are natural, in excess of the price for comparable products not purporting to be natural.  Mr. Rubin also purchased and used Honest brand sunscreen ("Honest Sunscreen") from the supermarket chain Gelson's Markets in Los Angeles, California.  As with all members of the Class, Mr. Rubin paid for the Honest Sunscreen because he believed the sunscreen would effectively protect him from exposure to harmful ultraviolet ("UV") rays.

14.     Defendant The Honest Company, Inc. is a Delaware corporation headquartered in Santa Monica, California.  The company markets its Products online through the website <https://www.honest.com> ("Honest.com") and operates an active storefront on Amazon.com selling the Products.  Defendant maintains supply chain control over the manufacture of the Products, operates as an online retailer, and distributes the Products, business-to-business, to major retail outlets throughout the U.S. and Canada.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### Plaintiff's Purchase of the Products

15.     Plaintiff Rubin purchased "lemongrass" Honest Hand Soap from Gelson's Markets in Los Angeles, California

16.     Mr. Rubin purchased "white grapefruit" Honest Dish Soap from Gelson's Markets in Los Angeles, California

17.     Mr. Rubin purchased Honest Sunscreen from Gelson's Markets in Los Angeles, California.

### Honest's Extensive, Long-Term Marketing Campaign

18.     Since at least September 20, 2012 Honest at all times has marketed, and continues to market, itself as a "natural products" company.

**CLASS ACTION COMPLAINT**

19.     Honest created a national advertising campaign, designed and carried out from the company's headquarters in California.

20.     Honest has engaged in this extensive and long-term marketing campaign to convince potential customers, first, that the company's products are natural and effective, and, second, that the company's marketing representations should be taken literally, because those claims are "honest."

21.     Mr. Rubin actually witnessed Honest's campaign.

22.     The campaign was sufficiently lengthy in duration, and widespread in dissemination, that it would be unrealistic to require the plaintiff to plead relying upon each advertised misrepresentation.

23.     Representative samples of the campaign are contained herein.

24.     On information and belief, Honest has spent millions of dollars marketing its own brand and its products to carefully cultivate a brand image that its products are natural and effective.

25.     Honest's marketing campaign has been uniform, widespread, continuous, and contained in various media.

26.     Honest's marketing campaign has included and includes traditional media and new media, such as print circulars, television advertisements, television appearances, social media promotions, sales copy on its own website, and sales copy on third party marketplace websites, so that Honest's "natural" and "effective" representations are available to consumers via numerous media platforms, extending to all or substantially all potential and actual customers.

27.     Honest's marketing campaign has been designed to induce consumers to trust the Honest brand and Honest's marketing representations that its products are "natural" and "effective."

28.     Honest makes these representations as to each of the Products, and the representations contained within the marketing campaign are similar by category to one another.

29.     As part of the extensive marketing campaign, Honest's company name is designed to ensure consumers take its marketing representations literally.

30.     Honest includes its brand name, in lower case, on all of its Products.

4
**CLASS ACTION COMPLAINT**

31.     As part of Honest's extensive marketing campaign, Honest further amplifies its representations and its own trustworthiness with the "honestly FREE guarantee," displayed at Honest.com, Honest's Amazon storefront, and partner websites, including Target.com.

32.     The "honestly FREE guarantee" states: "Providing clear, credible, transparent information.  No smoke and mirrors.  No confusion."

33.     As part of Honest's extensive marketing campaign, Honest's Chief Creative Officer and celebrity co-founder Jessica Alba serves as the public face of the company.

34.     Ms. Alba has crafted public statements about Honest to convince the public that her company is leading a movement to protect consumers from products that contain chemicals.

35.     Ms. Alba has coordinated her media appearances with the company's extensive marketing campaign.

36.     Ms. Alba's celebrity status ensures the company's claims are reported by numerous media outlets.

37.     On June 18, 2015, Ms. Alba and The Honest Company, Inc.'s COO Christopher Gavigan appeared jointly in their capacities as co-founders for The Honest Company, Inc. to petition federal officials to strengthen regulations against consumer products containing toxic chemicals, and Ms. Alba and Mr. Gavigan coordinated this appearance with Honest's extensive marketing campaign, including as follows:

   a.   Ms. Alba appeared in the hallway of a Congressional office building, before a professional media crew, and stated:  "[A]s a business owner, I'm proof of concept that you can do business right—right by humans, right by the planet —and you can be very successful and grow very quickly."

   b.   Mr. Gavigan tweeted the following statement with a picture of the Washington Monument: "Here in D.C. to convince lawmakers to join @honest to protect citizens.  #chemical #reform."

38.     On August 18, 2015, Ms. Alba and The Honest Company, Inc.'s CEO Brian Lee appeared for a company feature on CNN Money that broadcast representations that the Products are natural and effective, as follows:

**CLASS ACTION COMPLAINT**



39.     Thus, since at least September 20, 2012 and up to the filing of this lawsuit, Honest has disseminated its marketing statements to the public, rising to the level of an extensive, long-term marketing campaign.

### Honest's "Natural" and "Effective" Marketing Claims

40.     Honest sells the Products to consumers at a ten to twenty percent premium, based on its marketing representations that the Products are "natural."

41.     Honest features these marketing claims on its own website including in the following screenshot from Honest.com captured on August 14, 2015:



42.     Honest sells its Products online.

43.     Honest represents that each of the Products is "natural."

**CLASS ACTION COMPLAINT**

44.     Honest's representations that the Products are "natural" have appeared and continue to appear prominently in some or all of the following: descriptions online, labels affixed to containers, and other advertising materials.

45.     Honest amplifies its representations that the Products are "natural" by way of its company name, by way of its "honestly FREE guarantee," and by way of the word "honest" on product labels and in product names.

46.     Honest further amplifies its representations that the Products are "natural" with supplemental representations, including that the Products do not contain harsh chemicals, are safe, are non-toxic, and are plant-based.

47.     Honest's supplemental representations appeared and continue to appear prominently in descriptions online, labels affixed to containers, and other advertising materials.

*Honest Hand Soap*

48.     Honest Hand Soap product packaging stated and continues to state that the Product is "natural."

49.     The following excerpted screenshot appeared on Honest.com on August 14, 2015, displaying Honest Hand Soap product packaging:



50.     Honest.com described and continues to describe Honest Hand Soap as "non-toxic," and containing "NO harsh chemicals (ever!)," and in so doing, has amplified its representation that Honest Hand Soap is natural.

51.     The following excerpted screenshot appeared on Honest.com on August 14, 2015, describing Honest Hand Soap as "Natural":

**CLASS ACTION COMPLAINT**



about

- **Rich and creamy lather** infused with botanicals and essential oils to clean and soften hands
- **Great for the whole family** - from sticky, little fingers to Dad's soiled gardening hands and everything in between
- **Soft lather gently removes dirt and grime** and easily rinses away without drying skin - leaving behind nothing but pure, clean delight!
- **pH balanced** to leave skin soft and hydrated
- **Hypoallergenic and ultra pure** for sensitive skin
- Available in **3 delightful scents**!
- **NO harsh chemicals (ever!)**
- **Natural · Hypoallergenic · Non-Toxic · Biodegradable · pH Balanced**

**Honestly Free Guarantee**   made without: phthalates, SLS, DEA, triclosan, synthetic fragrances, glycols, dyes, phosphates, 1,4-dioxane, formaldehyde, or most common allergens

52.     By consistently and systematically labeling and marketing Honest Hand Soap as (A) "natural" and (B) "honest" throughout the Class Period, Honest intended that all consumers purchasing Honest Hand Soap would be exposed to these marketing claims.

*Honest Dish Soap*

53.     Honest Dish Soap's product webpage on Target.com states that the Product is "Natural."

54.     The product description on Target.com also described and continues to describe Honest Dish Soap as "non-toxic" and containing "no harsh chemicals (ever!)," and in so doing, has amplified Honest's representation that Honest Dish Soap is natural.

55.     The following excerpted screenshots appeared on Target.com on August 14, 2015, displaying Honest Dish Soap product packaging:




**CLASS ACTION COMPLAINT**

No harsh chemicals (ever!). Natural, non-toxic, biodegradable, pH balanced, ultra-concentrated, and Honestly Free of SLS, SLES, phthalates, synthetic fragrances, glycols, enzymes, dyes, phosphates, 1,4-dioxane, chlorine, DEA, formaldehyde, and caustics.

**Product Results:** Removes Residue, Removes Grease, Used for Cleaning, Cleaner

56.    Target.com includes a disclaimer stating this description "comes from the product manufacturers."

57.    Honest Dish Soap product packaging stated and continues to state "plant-based" and "non-toxic," and in so doing, has amplified its claim that Honest Dish Soap is natural.

58.    The following excerpted screenshot appeared on Honest.com on August 14, 2015, displaying Honest Dish Soap product packaging:



59.    Honest Dish Soap's product webpage on Honest.com stated and continues to state that Honest Dish Soap has a "natural" formula; is "non-toxic"; and contains "no harsh chemicals (ever!)"; and in so doing, has further amplified its representation that Honest Dish Soap is natural.

60.    The following excerpted screenshot appeared on Honest.com on August 14, 2015, describing Honest Dish Soap:

**CLASS ACTION COMPLAINT**





61.     By consistently and systematically labeling and marketing the Honest Dish Soap as (A) "natural" and (B) "honest" throughout the Class Period, Honest intended that all consumers purchasing Honest Dish Soap would be exposed to these marketing representations.

*Honest Diapers*

62.     Honest.com states that Honest house mark diapers ("Honest Diapers") are "natural."

63.     The following excerpted screenshots appeared on Honest.com on August 26, 2015, in the "Diapering" section of the website:

64.     The Honest.com "Diapering" section provides the following website "meta-tag" description to search engine crawlers: "<meta content="Buy safe, natural baby products and eco-friendly disposable diapers. The Honest Company provides bath, skin care and green cleaning products." name="description" />.

65.     As a result of this meta-tag, the representation that Honest Diapers are "natural" appears verbatim in Google search results for Honest Diapering.

66.     The following excerpted screenshot is a Google search conducted for "Honest Diapering" on August 26, 2015:



**CLASS ACTION COMPLAINT**

67.     The Honest Diapers' product webpage on Honest.com states that Honest Diapers are "plant-based" and "safe" and contain "NO HARSH CHEMICALS (EVER)," and in so doing, has amplified its representation that Honest Diapers are "natural."

68.     The following excerpted screenshot appeared on Honest.com on August 25, 2015, describing Honest Diapers:





69.     The Honest Diapers' product page on Honest.com previously stated that Honest Diapers were "100%....plant-based," and in so doing, further amplified its representations that Honest Diapers are natural.

70.     The following excerpted screenshot appeared on the Internet Archive's Wayback Machine on August 26, 2015, accessed by inserting the Honest.com Diaper Bundle webpage, and selecting January 21, 2013:

*A new diaper for a new generation!*

100% non-toxic, chlorine-free, sustainable, and plant-based materials – ensuring your baby is safe and NOT exposed to any harsh or synthetic chemicals (ever!)

- Diapers
- Wipes
- Patterns
- Details & Ingredients

**CLASS ACTION COMPLAINT**

71.     By consistently and systematically labeling and marketing the Honest Diapers as (A) "natural" and (B) "honest" throughout the Class Period, Honest intended that all consumers purchasing Honest Diapers would be exposed to these marketing representations.

*Honest Multi-Surface Cleaner*

72.     Honest.com states that Honest house mark surface cleaner ("Honest Multi-Surface Cleaner") is "natural."

73.     The Honest Multi-Surface Cleaner's product webpage on Honest.com provides the following website "meta-tag" description to search engine crawlers: <meta content="Shop The Honest Company for natural all-purpose cleaner. With no harsh chemicals, our baby-safe, non-toxic multi-surface cleaner conquers dirt and grime." name="description" />.

74.     As a result of this meta-tag, the representation that Honest Multi-Surface Cleaner is "natural" appears verbatim in Google search results for Honest Multi-Surface Cleaner.

75.     The following excerpted screenshot is a Google search conducted for "Multi-Surface Cleaner – The Honest Company" on August 26, 2015:



76.     The Honest Multi-Surface Cleaner product webpage on Honest.com states that Honest Multi-Surface Cleaner is "naturally fresh," and "Non-Toxic," and that it contains "NO HARSH CHEMICALS (EVER)," and "Repels dust naturally."  Each of these statements has amplified Honest's representation that Honest Multi-Surface Cleaner is natural.

**CLASS ACTION COMPLAINT**

77.     The following excerpted screenshots appeared on Honest.com on August 25, 2015:



78.     By consistently and systematically labeling and marketing the Honest Multi-Surface Cleaner as (A) "natural" and (B) "honest" throughout the Class Period, Honest intended that all consumers purchasing Honest Multi-Surface Cleaner would be exposed to these marketing representations.

*Honest Sunscreen*

79.     Crucial to competing in the market for natural goods, Honest expressly represents that its "natural" Products are "effective."

80.     Honest represented and continues to represent Honest Sunscreen is "effective."

81.     Honest.com described and continues to describe Honest Sunscreen as "highly effective," "super effective," and "safe."

82.     These excerpted screenshots appeared on Honest.com on August 14, 2015:



14

**CLASS ACTION COMPLAINT**



83.    Honest amplifies its representation that Honest Sunscreen is "effective" and "safe" by way of its company name, by way of its "honestly FREE guarantee," and by way of the word "honest" on the product label and in the product name.

84.    By consistently and systematically labeling and marketing Honest Sunscreen as (A) "highly effective," (B) "super effective;" (C) "safe" and/or (D) "honest" throughout the Class Period, Honest intended that all consumers purchasing Honest Sunscreen would be exposed to these marketing claims.

## Untrue, Misleading, and/or Deceptive Claims

85.    Contrary to the company name, Honest's marketing claims are misleading, deceptive, and/or untrue.

86.    Honest falsely represented and continues to represent, expressly and by implication, that the Products are natural.

87.    "Natural" in the context of Honest Products means each product contains no artificial ingredients.

88.    The representation that a product is natural is material to a reasonable consumer. This is evidenced by Honest labeling its products as "natural" in product packaging and online webpage descriptions on Honest.com, Target.com, and in other marketing materials.

89.    Honest falsely represented and continues to represent, expressly and by necessary implication, that Honest Sunscreen is effective.

90.    "Effective" in the context of Honest Sunscreen means the sunscreen should protect the user from unhealthy exposure to harmful UV rays.

91.    The representation that a product is effective is material to a reasonable

**CLASS ACTION COMPLAINT**

consumer.  This is evidenced by Honest labeling its products as effective in online webpage descriptions on Honest.com, and in other marketing materials.

*Synthetic Ingredients Are Not Natural*

92.     Honest Products labelled and/or marketed as "natural" contain non-natural ingredients.

93.     Contrary to Honest's product packaging claims, and product descriptions on Honest.com and Target.com, the Products contain unnatural ingredients as follows:

      a.     Honest Dish Soap

          *i.*     *Methylisothiazolinone-* a synthetic preservative.

          *ii.*     *Cocamidopropyl Betaine-* a synthetic surfactant.

          *iii.*     *Phenoxyethanol-* a synthetic preservative.

      b.     Honest Hand Soap

          *i.*     *Phenoxyethanol-* see above.

      c.     Honest Multi-Surface Cleaner

          *i.*     *Methylisothiazolinone-* see above.

      d.     Honest Diapers

          *i.*     *Sodium Polycrylate-* a petrochemical-based additive.

94.     Synthetic ingredients are artificial, not natural.

95.     The Environmental Working Group rates each of these ingredients as exceeding the organization's "low hazard" threshold, according to the following ratings on the organization's informational website:

      (a)     Methylisothiazolinone - EWG Rating: 7 out of 9 – "High Hazard."

      (b)     Cocamidopropyl Betaine - EWG Rating: 4 out of 9 – "Moderate Hazard."

      (c)     Phenoxyethanol - EWG Rating: 4 out of 9 – "Moderate Hazard."

      (d)     Sodium Polycrylate - EWG Rating: 3 out of 9 – "Moderate Hazard."

96.     Honest's own statements on the "honestly blog" concede that these ingredients are not natural.

97.     Honest has expressly criticized its competitors for using "preservatives (and ingredients) with synthetic fragrances," including "Methylisothiazolinone."

98.     Honest stated on the "honestly blog" that Cocamidopropyl Betaine "isn't found in nature," adding the statement "but that's the beauty and power of chemistry!"

99.     Honest stated on the "honestly blog" that the ingredient Phenoxyethanol is "synthetically produced in a laboratory."

100.    Honest indicated on the "honestly blog" that the ingredient Sodium Polycrylate is "petroleum-based."  This statement also contradicts Honest's prior marketing representation that Honest Diapers are 100% plant-based.

101.    As indicated by the statements above, Honest knows the Products contain synthetic ingredients.

102.    By claiming Products that contain synthetic ingredients are natural, Honest knowingly deceives and misleads reasonable consumers.

*Honest Sunscreen Is Not Effective*

103.    Honest stated and continues to state that Honest Sunscreen is "effective" for sunblock protection.

104.    This representation is literally false.

105.    Honest's Amazon marketplace webpage contains documented customer reviews that detail evidence of sunburn and blisters resulting from exposure to the sun, after applying Honest Sunscreen.

106.    Honest's Twitter account received numerous messages published by users who documented sunburn injuries resulting from exposure to the sun, after applying Honest Sunscreen.

107.    On August 3, 2015, Ms. Alba and Mr. Gavigan published a statement about negative consumer experiences with Honest Sunscreen.  Consumer comments on the blog post contain numerous complaints about sunburn and after-effects resulting from exposure to the sun after applying Honest Sunscreen.

**Honest's Nationwide Distribution**

108.    California has significant contacts to the claims asserted by the class.

109.    On information and belief, Honest has designed, controlled, and overseen a national production and distribution network from the company's headquarters in California.

**CLASS ACTION COMPLAINT**

110.     According to the company's public statements, Honest contracts with third-party manufacturing and supplier facilities to produce and distribute the Products.  On information and belief, Honest controls its entire supply chain from its company headquarters in California.

111.     Honest sells the Products online via Honest.com, a direct-to-consumer e-commerce website for consumers to purchase the Honest brand Products.  On information and belief, Honest controls its entire e-commerce operation from its company headquarters in California.

112.     Honest actively generates traffic to its website through promotions on Facebook.com and Twitter.com, on information and belief, operated from the company's headquarters in California.

113.     Honest uploads Product videos on its YouTube account, on information and belief, operated from the company's headquarters in California.

114.     Honest also sells the Products through a popular online storefront in the Amazon.com marketplace.  On information and belief, Honest controls its Amazon storefront from its company headquarters in California.

115.     Honest distributes the Products, business-to-business, for purchase in big box chain retail locations nationwide, including Target, Costco Wholesale Corporation, Whole Foods Market, Inc., Gelson's Markets, and Buy Buy Baby, Inc., across the United States.  On information and belief, Honest controls national distribution of the Products from its company headquarters in California.

## **CLASS ACTION ALLEGATIONS**

116.     Plaintiff brings this action on behalf of himself and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a nationwide class he seeks to represent, defined as:

> All U.S. residents who have purchased Honest Dish Soap, Honest Hand Soap, Honest Diapers, Honest Multi-Surface Cleaner, or Honest Sunscreen (the "Product(s)") from September 20, 2012 through the final disposition of this and any and all related actions (collectively, the "Class") for personal use and not for resale.

117.     As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

**CLASS ACTION COMPLAINT**

118.   Plaintiff reserves the right to amend the Class definition, and to add subclasses, as warranted by facts discovered.

119.   Excluded from the Class are Honest; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge(s) to whom this case is assigned and any immediate family members thereof.

120.   Class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

121.   **Numerosity—Federal Rule of Civil Procedure 23(a)(1).**  The members of the Class are so numerous that joinder is impracticable.  Upon information and belief, there are millions of individual purchasers of the Products.  The precise number of class members is unknown to Plaintiff, but may be ascertained, including by objective criteria.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods.

122.   **Commonality and Predominance—Federal Rules of Civil Procedure 23(a)(2) & 23(b)(3).** This action involves common questions of law or fact, which predominate over any questions affecting individual members of the Class.  Common questions include:

(a)   Whether Honest represented and continues to represent that certain Honest Products are natural;

(b)   Whether Honest represented and continues to represent that certain Honest Sunscreen is effective;

(c)   Whether Honest's marketing representations are false, deceptive, and misleading;

(d)   Whether Honest's representations are likely to deceive a reasonable consumer;

(e)   Whether Honest had knowledge that its representations were false, deceptive, and misleading;

(f)   Whether Honest continues to disseminate its representations despite knowledge that the representations are false, deceptive, and misleading;

(g)     Whether a representation that a product is natural is material to a reasonable consumer of natural products;

(h)     Whether a representation that a product is effective is material to a reasonable consumer of products;

(i)     Whether Honest violated California Business and Professions Code § 17200, *et seq.*;

(j)     Whether Honest violated California Business and Professions Code § 17500, *et seq.*;

(k)     Whether Honest violated California Civil Code § 1750 et seq.;

(l)     Whether Honest breached a contractual obligation to Plaintiff and members of the Class; and

(m)     Whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

123.    Honest engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff individually and on behalf of the other members of the Class. Identical statutory violations and business practices and harms are involved.  Individual questions, if any, are not prevalent in comparison to the numerous common questions that dominate this action.

124.    **Typicality—Federal Rule of Civil Procedure 23(a)(3).**  Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, all members of the Class were comparably injured through the uniform misconduct described above and were subject to Honest's false, deceptive, misleading, and unfair labeling and marketing practices, including the false claims that the Products are natural and/or effective.  Further, there are no defenses available to Honest unique to individual Class Members.

125.    **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).**  Plaintiff is an adequate representative of the members of the Class because his interests do not conflict with the interests of the other members of the Class he seeks to represent; he has

retained competent counsel with experience in complex class action litigation; and Plaintiff will prosecute this action vigorously.  Class Members' interests will be fairly and adequately protected by Plaintiff and his counsel.

126. **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).**  Honest has acted or refused to act on grounds generally applicable to Plaintiff and other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Class as a whole.

127. **Superiority—Federal Rule of Civil Procedure 23(b)(3).**  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Honest, so it would be impracticable for members of the Class to seek redress for Honest's wrongful conduct on an individual basis.  Individualized litigation would also pose the threat of significant administrative burden to the court system. Individual cases would create the potential for inconsistent or contradictory judgments, and would increase delay and expense to all parties and the court system.  By contrast the class action device presents far fewer management difficulties and provides the streamlined benefits of singular adjudication and comprehensive supervision by one court.  Given the similar nature of the class members' claims, the Class will be easily managed by the Court and the parties and will be managed more efficiently in this integrated class action than through multiple separate actions in the various states.

**CLASS ACTION COMPLAINT**

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Breach of Contract:

### Plaintiff and Class Members Who Purchased Honest Hand Soap, Honest Dish Soap, Honest Diapers, or Honest Multi-Surface Cleaner

128.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

129.    During the Class Period, Honest offered the Products to Plaintiff and Class Members.

130.    In exchange for Honest's promise of natural goods, Plaintiff and Class Members purchased and paid a premium for the Products.

131.    Honest breached its promise of providing natural goods by providing Products that include synthetic, non-natural ingredients.

132.    Honest directly benefitted from, and is being unjustly enriched by, its breach of its promise to provide natural goods.

133.    As a result of Honest's breach of its promise to provide natural goods, Plaintiff and the Class Members have been harmed and have suffered damages in an amount to be determined by this Court but at least $5,000,000, plus interest on all liquidated sums.

## SECOND CLAIM FOR RELIEF

### Breach of Contract:

### Plaintiff and Class Members Who Purchased Honest Sunscreen

134.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

135.    During the Class Period, Honest offered Honest Sunscreen to Plaintiff and Class Members.

136.    In exchange for Honest's promise of natural goods that were also effective, Plaintiff and Class Members paid a premium for Honest Sunscreen.

**CLASS ACTION COMPLAINT**

137.     Honest breached its promise of providing effective goods by providing Honest Sunscreen, which did not effectively protect consumers from unhealthy exposure to harmful UV rays.

138.     As a result of Honest's breach of its promise to provide effective goods, Plaintiff and the Class Members have been harmed and have suffered damages in an amount to be determined by this Court but at least $5,000,000, plus interest on all liquidated sums.

### THIRD CLAIM FOR RELIEF

**Violation of California's Consumer Legal Remedies Act**

**California Civil Code §§ 1750 *et seq.***

139.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

140.     Plaintiff brings this claim for relief pursuant to the California Consumers Legal Remedies Act ("CLRA").

141.     Honest's conduct violated the CLRA, Civil Code § 1770(a)(5), which prohibits "Representing that goods or services have . . . characteristics, ingredients, uses, benefits, or quantities which they do not have."

142.     Honest's conduct violated the CLRA, Civil Code § 1770(a)(7), which prohibits "Representing that goods or services are of a particular standard, quality or grade . . . if they are of another."

143.     Honest's conduct violated the CLRA, Civil Code § 1770(a)(9), which prohibits "Advertising goods . . . with intent not to sell them as advertised."

144.     Honest's conduct violated the CLRA, Civil Code § 1770(a)(16), which prohibits "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

145.     The Products are "goods" within the meaning of Civil Code § 1761(a) and § 1770.

146.     Honest is a "person," as defined by Civil Code § 1761(c).

147.     Plaintiff and the Class Members are "consumers" within the meaning of Civil Code § 1761(d) and § 1770.

148.   Plaintiff and the Class Members purchased the Products for personal, family, and household purposes as meant by Civil Code § 1761(d).

149.   Each purchase of the Products by Plaintiff and each Class Member constitutes a "transaction" within the meaning of Civil Code §§ 1761(e) and 1770.

150.   In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid a higher price for Honest Products than they would have paid for products that are not natural.

151.   In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid for ineffective products.

152.   Honest's conduct is ongoing and, unless restrained, likely to recur.

153.   Plaintiff, on behalf of himself and Class Members, seeks injunctive relief prohibiting Honest from engaging in the misconduct described herein.

154.   Plaintiff seeks attorneys' fees and costs as allowed by law.

155.   On September 3, 2015, Plaintiff sent a CLRA notice letter to Honest, a copy of which is attached hereto as Exhibit A.  If Honest fails to provide appropriate relief for its violations of CLRA §§ 1770(a)(5), (7), (9) and (16) within 30 days of receipt of Plaintiff's notification, in accordance with Civ. Code § 1782(b), Plaintiff and the Class are entitled, under CLRA § 1780, and Plaintiff will amend the Compliant accordingly, to recover or obtain any of the following relief for Honest's violations of CLRA §§ 1770(a)(5),(7), (9) and (16):

(a)   actual damages under CLRA § 1780(a)(1);

(b)   restitution of property under CLRA § 1780(a)(2);

(c)   punitive damages under CLRA § 1780(a)(4) and because Honest has engaged in fraud, malice or oppression;

(d)   attorneys' fees and costs under CLRA § 1780(d); and

(e)   any other relief the Court deems proper under CLRA § 1780(a)(5).

156.   Plaintiff has prepared and attached a declaration as Exhibit B stating facts showing this action has been commenced in a court described as a proper place for the trial of the action.

## FOURTH CLAIM FOR RELIEF

### For Violation of California's False Advertising Law,

### California Business & Professions Code §§ 17500 *et seq.*

157.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

158.    California's False Advertising Law, Business & Professions Code §§ 17500 *et seq.* ("FAL"), prohibits various deceptive practices in connection with the dissemination in any manner of representations which are likely to deceive members of the public to purchase products such as the Products.

159.    Honest's acts and practices as described herein have deceived and/or are likely to deceive Plaintiff and the Class Members.  Honest uses Honest.com, Amazon.com, along with other social media, including Facebook and Twitter, television advertisements and public appearances, to extensively market the Products with misleading and untrue marketing representations to consumers.

160.    By its actions, Honest has been and is disseminating uniform marketing statements concerning the Products, which by their nature are unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17500 *et seq.*  The statements are likely to deceive and continue to deceive the consuming public for the reasons detailed above.

161.    Honest intended, and continues to intend, Plaintiff and the Class Members to rely upon the marketing statements and numerous material misrepresentations as set forth more fully elsewhere in this Complaint.  In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment.

162.    The above described false, misleading and deceptive marketing representations Honest disseminated continue to have a likelihood to deceive Plaintiff and Class Members.

163.     As a result of Honest's wrongful conduct, Plaintiff and the Class Members have been aggrieved by Honest's practices in that they purchased the Products based on Honest's misrepresentations, and Plaintiff on behalf of all Class Members seeks equitable relief requiring Defendants to refund and restore to Plaintiff and all Class members all monies they paid for the Honest Products in an amount to be determined by this Court but at least $5,000,000, and injunctive relief prohibiting Defendants from engaging in the misconduct described herein.

**CLASS ACTION COMPLAINT**

## FIFTH CLAIM FOR RELIEF

### For Violation of California Business & Professions Code §§ 17200 *et seq.*

164.     Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

165.     Plaintiff asserts this claim on behalf of himself and the Class Members as against Honest.

166.     Honest's misconduct is unlawful under the the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq.* ("UCL").

167.     Honest has violated the FAL, California Business & Professions Code §§ 17500 *et seq.*, as set forth more fully above, *supra*.

168.     Honest's conduct violated the CLRA, California Civil Code §§ 1750 *et seq.*, as set forth more fully above, *supra*.

169.     Honest's conduct is unfair under the UCL because it offends established public policy and is unethical, and/or substantially injurious to Plaintiff and the Class Members. Defendant's conduct undermines and violates the policies codified in the FAL and the CLRA. There is no legitimate utility of Honest's misconduct, let alone any that would outweigh the harm to Plaintiff and the Class Members.

170.     Plaintiff and the Class Members could not have reasonably avoided the injury each of them suffered, as reasonable consumers had no way of reasonably ascertaining the Products are misbranded and are not properly labeled or marketed and are dissuaded from doing so by Honest's extensive marketing campaign.

171.     Honest's conduct is also fraudulent under the UCL because claims that the Products are natural and/or effective are likely to deceive reasonable consumers.

172.     In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid a higher price for Honest Products than they would have paid for products that are not natural.

173.    In fact, Plaintiff and the Class Members relied upon the marketing statements and misrepresentations to their detriment and paid for ineffective products.

174.    Honest's conduct is ongoing and unless restrained, likely to recur.

175.    As a result of the foregoing, Plaintiff and each Class Member has been injured in fact, and has lost money or property, and each is entitled to restitution in an amount to be determined by this Court but at least $5,000,000 in the aggregate, and injunctive relief.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

176.    Plaintiff hereby incorporates by reference the allegations contained in this Complaint.

177.    Plaintiff and the Class Members bring this claim in the alternative to their Breach of Contract claims.

178.    Honest unjustly retained a benefit at the expense of Plaintiff and the Class Members in the form of substantial revenues and payments from Plaintiff and the Class Members for the Products and from Honest's conduct in misrepresenting that the Products were natural or effective.

179.    It would be unjust and inequitable for Honest to retain the benefits Honest received and continues to receive from Plaintiff and the Class Members, absent repayment to Plaintiff and the Class Members for the premium they paid in exchange for Products falsely represented as "natural."

180.    It would be unjust and inequitable for Honest to retain the benefits Honest received and continues to receive from Plaintiff and the Class Members, absent full repayment to Plaintiff and the Class Members who purchased Honest Sunscreen.

181.    Plaintiff and the Class Members have no adequate remedy at law.

182.    Plaintiff seeks restitution, disgorgement, and/or constructive trust on all of the inequitable payments and profits Honest retained from Plaintiff and the Class Members in an amount to be determined by this Court but at least $5,000,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for:

A.      An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

B.      Declaratory and injunctive relief as permitted by law or equity, including enjoining Honest from continuing the unlawful practices described herein, and directing Honest to identify, with Court supervision, victims of the misconduct and pay them restitution and disgorgement of all profits and unjust enrichment Honest acquired by means of any business practice declared by this Court to be unlawful, unfair, and fraudulent;

C.      An Order for Honest to engage in a corrective advertising campaign;

D.      Damages in an amount to be determined by this Court but at least $5,000,000;

E.      Restitution, disgorgement, and/or constructive trust on all of the inequitable payments and profits Honest retained from Plaintiff and the Class Members in an amount to be determined by this Court but at least $5,000,000;

F.      Attorneys' fees, per Cal. Civil Code 1780(d) and California Code of Civil Procedure § 1201.5;

G.      Expenses and costs of this action;

H.      Pre-judgment and post-judgment interest; and

I.      Such other and further relief as the Court may deem just and proper.


Dated: September 3, 2015                    *By* __/s/ Nicholas A. Carlin_____
                                            Nicholas A. Carlin
                                            Conor H. Kennedy
                                            PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP
                                            39 Mesa Street, Suite 201
                                            The Presidio
                                            San Francisco, CA 94129
                                            Tel: 415-398-0900
                                            Fax: 415-398-0911

**CLASS ACTION COMPLAINT**

1

**JURY DEMAND**

2

     Plaintiff hereby demands a jury trial on all issues so triable.

3

4 Dated: September 3, 2015

                  *By* ___/s/ Nicholas A. Carlin_____
                  Nicholas A. Carlin

5

                  Conor H. Kennedy
                  PHILLIPS, ERLEWINE, GIVEN & CARLIN LLP

6

                  39 Mesa Street, Suite 201
                  The Presidio

7

                  San Francisco, CA 94129
                  Tel: 415-398-0900

8

                  Fax: 415-398-0911

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**